[See Case No. 16,418].

## Case No. 15,099.

### UNITED STATES v. FINLAY.

[1 Abb. U. S. 364; [1] 3 Pittsb. Rep. 126; 9 Int.
Rev. Rec. 99; 16 Pittsb. Leg. J. 254;
26 Leg. Int. 92.]

District Court, W. D. Pennsylvania. Feb. 20,
1869.

INTERNAL REVENUE—REPEAL OF STATUTE.

1. The provisions of section 2 of the act of March 31, 1868 [15 Stat. 59], which repeal sections 94 and 95 of the internal revenue law of June 30, 1864 [13 Stat. 264, 272], and acts amendatory thereof, do not operate to preserve prosecutions commenced but not carried to judgment before the repeal took effect.

2. Where the statute declaring an offense and its punishment is repealed, without a provision saving pending prosecutions, an indictment previously found, but not yet tried, should be quashed on motion. There is no longer an offense; and no one can be punished for what is not an offense at the time of punishment.

[Cited in U. S. v. Libby, Case No. 15,596;
U. S. v. Barr, Id. 14,527.]

Motion to quash an indictment.

This was an indictment against John B. Finlay, for rendering false returns of manufactures of woolen goods. The facts of the case are sufficiently stated in the opinion.

Mr. Golden, Mr. Marshall, and Mr. Kerr, for the motion.

Mr. Baily, Mr. Carnahan, Dist. Atty., and Mr. Boggs, opposed.

McCANDLESS, District Judge. As both the government and the defendant are ready to proceed to trial, the brief space which has intervened since the argument has not afforded me time to elaborate an opinion upon the points submitted by the learned counsel

[1] [Reported by Benjamin Vaughan Abbott, Esq., and here reprinted by permission.]

for the defendant. It will be sufficient to state a few of the reasons for the conclusions at which I have arrived.

The defendant is indicted for making false returns of woolen manufactures, with intent to evade and defeat the assessment of taxes imposed by the internal revenue law. The taxes on woolen goods were assessed by virtue of section 94 of the act of March 2, 1867 [14 Stat. 474], which was amendatory of the act of June 30, 1864. By section 82 of this act of 1864, as amended, these returns were required to be made to the assessor of the district, and were required to be upon oath. By section 15, any person who shall deliver to the assessor any false or fraudulent return, shall, upon conviction, be subject to fine or imprisonment, or both, at the discretion of the court; and by section 42, any person swearing falsely in any matter, where an oath is required under this act, shall be deemed guilty of perjury, and be subject to the pains and penalties provided by the laws of the United States for such crime.

It is charged that from the month of June, 1867, to the month of March, 1868, inclusive, the defendant delivered, as true, false and fraudulent statements of the woolen goods sold and removed for consumption and use, which were manufactured by him, and upon which taxes were imposed by law. It is now moved to quash this bill, upon the ground that the act of congress upon which the defendant is indicted has been repealed by the act of March 31, 1868, exempting certain manufactures from internal revenue tax, and for other purposes. In considering this question, we are not driven to the necessity of inquiring whether this is a repeal by implication, or whether there is such a repugnance between the two acts that the former must give way to the latter. The repeal is in express terms, and without a saving clause as to offenses committed in violation of the repealed statute. Section 2 simply reserves the right to collect, under the old system, any tax which might accrue between the date of the passage of the act and April 1, 1868. Revenue bills are reported and discussed many months before their enactment into laws, and as by section 4 the first quarterly assessment under the new system was to be made in the month of July following, for the three months preceding, congress anticipated that there might be a hiatus or interval between the passage of the bill and April 1, to which neither law would apply, and therefore provided for it in this section. But there was no hiatus, for the act passed the day before, on March 31. This is the only provision in the act of 1868 that savors of a saving clause, and it is limited to taxes which may thus accrue. It can have no application here, for all those taxes had accrued before the passage of the bill.

What, then, are the provisions of the act

of 1868? It declares that sections 94 and 95 of the acts of June 30, 1864, and all acts and parts of acts amendatory of said sections, be, and the same are hereby repealed. Section 4, in lieu of the tax of two and a half per cent. ad valorem, imposes a tax of two dollars per thousand on sales in excess of five thousand dollars, which shall be assessed and paid quarter-yearly, as other taxes are assessed and paid. This act is then a repeal and abolition of the tax and system of taxation upon woolen manufactures, which existed at the period when it is alleged this offense was committed. It is a repeal of the law under which the defendant is indicted. The crime and its penalty are abrogated. Where, then, is our jurisdiction? How can we try the defendant, and, if found guilty, punish him under a law that has no existence? The offense is gone, and no one can be punished for what is not a crime at the time of punishment. Nothing is more certain that that if a statute creating an offense be repealed, all proceedings under it fall. [U. S. v. Passmore] 4 Dall. [4 U. S.] 373. The government alone is interested in the prosecution of criminal cases; it can terminate them at any stage by a nolle prosequi; it can obliterate the offense from the Penal Code; and provided it leaves the citizen his civil remedy for the injury that is peculiar to himself, it violates no right of property, and it offends no principle of justice. The law unquestionably is, that after the repealing act is passed there shall be no such offense as that for which this defendant is indicted. It is no longer an offense; it cannot be indicted, it cannot be punished, it is taken from the Penal Code absolutely. This was substantially the argument for the defense in Duane's Case, in 1 Bin. 601, sustained by the chief justice, afterwards by the supreme court of Pennsylvania, in [Ammidon v. Smith] 1 Wheat. [14 U. S.] 460, and by Mr. Justice Washington, who, in Anonymous [Case No. 475], says: "It is a clear rule, that if a statute create an offense, and is then repealed, no prosecution can be instituted for any offense committed against the statute previous to its repeal."

Such being the law, the present prosecution must fail. And suppose, as is certainly the case, that these internal revenue laws are not without obscurity, in the language of Chief Justice Tilghman, I feel myself on the safest and strongest ground, in adopting a construction which takes away the punishment.

Indictment quashed.